WREN, The (UNITED STATES v.). See Case No. 16,768.

# Case No. 18,063.

In re WRENTHAM MANUF"G CO.

Ex parte SOUTHWICK.

[2 Low. 119.][1]

District Court, D. Massachusetts. April, 1872.

CORPORATE TREASURER—POWERS—ACCOMMODATION INDORSEMENTS—NONNEGOTIABLE RECEIPT.

1. The treasurer of a manufacturing company, who signs and indorses promissory notes for the company in the usual course of business, does not by such usage acquire, nor is he held out as having, the right to sign or indorse notes, for the accommodation of third persons.

2. A receipt, not negotiable, and intended as a memorandum of indebtedness by the maker thereof to the holder, does not come within the rule of law in Massachusetts, that one who indorses a note, not being a holder of it, is an original promisor.

3. Whether the indorsement of such a receipt by a third person creates any contract between him and the holder, quære?

4. Where a firm gave such·a receipt to A., and at his request one of the firm, who was treasurer of a manufacturing company, indorsed the paper in the name of that company, without any consideration moving to the company, *held*, the amount was not provable against the estate of the manufacturing company in bankruptcy.

Royal Southwick offered for proof, against the estate of the Wrentham Manufacturing Company in bankruptcy, a certain instrument, of which this is a copy: "$2,000. Boston, Jan. 21, 1870. Received of Royal Southwick, two thousand dollars, on account. Loan. J. H. Jones, Jr., & Co." Indorsed: "Waiving demand and notice. Wrentham Manufacturing Co., J. H. Jones, Jr., Treas." The evidence tended to show that Jones was the treasurer of the company, and had been accustomed to sign and indorse notes for the corporation, in the course of the business, though not for the accommodation of third persons; that the $2,000 was borrowed by Mr. Jones, for the use of his firm, and that the petitioner asked him if he could not give him the name of the Wrentham Company, and upon this request the indorsement was made. The firm were, at the time this money was borrowed, indebted to the manufacturing company.

A. Hemmenway, for petitioner. By the law of Massachusetts, one who indorses a note before its delivery, not being the payee, is an original promisor. Jones had authority to sign notes for the bankrupts, and his signature binds them.

B. F. Bowles, for assignees. The evidence shows that the promise of the corporation, if it be one, was given for the accommodation of Jones & Co., and that the petitioner so understood it. The power to sign notes in the ordinary course of business will not extend to such a signature, excepting when third persons have been misled.

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

LOWELL, District Judge. The doctrine is firmly established in Massachusetts, that an indorsement of this sort, made by one who is not the payee of a note, and made before the note is negotiated, binds the indorser as an original promisor. The cases are reviewed in Union Bank v. Willis, 8 Metc. [Mass.] 504; and the court, while regretting that the law had been so settled, yet were unwilling to change it, after so many decisions had fixed it. Most of the cases are of negotiable notes; but I do not see why the rule is not equally applicable to notes which are not negotiable, because it is on the very ground that the signature on the back of a note, by one who is not payee or indorsee, is not a strict indorsement, that they give it effect as a promise. But I am not aware that any case has gone so far as the petitioner desires me to go in this case. The contract given in evidence is not a note, but a receipt, and is hardly to be understood without explanation. It might mean that Southwick was paying money to Jones & Co., which he already owed them, and taking their receipt on account of that loan. When it is proved that he did not owe them, the receipt can be understood as a memorandum, which would be evidence of money had and received by them of him, and the promise to repay it is implied by law. Now, if such a memorandum is signed by two persons, it is evidence that they have both received the money, and they may be prima facie liable to repay it jointly, or jointly and severally; but that an indorsement of such a receipt, waiving demand and notice, means that the indorser undertakes to pay as a promisor what the other party is impliedly bound to pay as having received the money, seems to be stretching the language of the parties beyond reason. Perhaps it was the intent of the parties that the manufacturing company should be either a surety or a guarantor; but they do not appear to me to have expressed any such legal intent by the indorsement of this receipt. A receipt is not intended for currency: it does not pass by delivery, nor by indorsement, but is merely a memorandum between the parties; and the indorsement of such a paper is a mere nudum pactum, or mere evidence of a right by the indorsee to sue in the name of the indorser.

Granting, however, that the analogy of the law of notes held good, the Wrentham Company would be only sureties for the accommodation of the principal debtors; and though this would be no defence for an individual who lent his name, because the very purpose of his act was to give credit to the principal, nor to a trading corporation against a purchaser of negotiable paper before due without notice, yet when we come to a contract of this kind, the lender had no right to assume that the agent had authority to pledge the credit of the corporation.

There was no by-law nor practice to sanction this proceeding; and the petitioner seems to have understood, and the form of the paper tends to prove that he must have understood, that the name of the manufacturing company was given only for the accommodation of Jones & Co. For these reasons, the proof must be limited to the undisputed note for $1,690, and interest, rejecting the other. Order accordingly.